IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-208-BO

| | |
|---|---|
| JAMES C. JOYNER and THOMAS EVERETTE, JR., <br> Plaintiffs, <br><br> v. <br><br> JAMES POOLE and THOMAS W. KING, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> )     **ORDER** <br> ) <br> ) <br> ) |

This cause comes before the Court on plaintiff Thomas Everette's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Everette, proceeding pro se, purported to remove this action filed by plaintiffs in Edgecombe County Superior Court.[1] Though plaintiff Joyner and Everette have signed their verified complaint, only Everette has signed the notice of removal. On November 6, 2014, United States Magistrate Judge Jones entered an order directing plaintiffs to either pay the filing fee or apply to proceed *in forma pauperis*. Everette has filed a motion to proceed *in forma paueris*; Joyner has failed to respond to the Court's order. To date, the filing fee has not been paid.

---

[1] Only true defendants may remove an action from state court. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam). Because plaintiff is proceeding *pro se*, however, liberal construction will allow the Court to construe plaintiff as having filed his complaint in this Court as opposed to having improperly attempting to remove it.

## DISCUSSION

### I. PLAINTIFF JOYNER

Plaintiff Joyner has failed to file a motion to proceed *in forma pauperis* or to pay the filing fee. In its order filed November 6, 2014, the Court notified plaintiffs that failure to file an application to proceed *in forma pauperis* or pay the filing fee may result in dismissal of the action for failure to prosecute. Because plaintiff Joyner has failed to comply with the Court's order, and the time for doing so has long expired, plaintiff Joyner is hereby DISMISSED from this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### II. PLAINTIFF EVERETTE

The undersigned having determined that plaintiff Everette has demonstrated appropriate evidence of inability to pay the required costs of court, his application to proceed *in forma pauperis* [DE 3] is GRANTED. Pursuant to 28 U.S.C. §§ 1915(b)(1) and (2), incarcerated plaintiffs who have initiated civil actions are required to pay the entire $350.00 filing fee. This fee is to be collected in two stages. The prisoner immediately owes an initial partial filing fee equal to twenty-percent of the greater of average monthly deposits to the prisoner's trust fund account or the account's average monthly balance for the six-month period immediately preceding the filing of the complaint. The remainder of the fee must be collected in monthly payments of twenty-percent of the preceding month's income credited to the plaintiff's trust fund account.

The Court has calculated plaintiff's initial partial filing fee to be **$40.00**. The appropriate officials at the correctional facility at which the plaintiff is incarcerated are hereby ORDERED to deduct the initial partial filing fee of **$40.00** from plaintiff's trust fund account. If the account has insufficient funds to pay the initial filing fee, all available funds must be deducted, as well as

2

incoming deposits, until the initial filing fee of **$40.00** is paid in full. Once the initial filing fee has been paid, the appropriate officials at the correctional facility at which plaintiff is incarcerated shall deduct monthly payments of twenty-percent of the preceding months income credited to Everette's trust account until the remaining **$310.00** is paid in full. Any money in plaintiff's trust fund account may be deducted to pay that fee.

If an inmate has been ordered to make payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed twenty-percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. §§ 1915(b)(1) & (2).

Payments must be made payable to "Clerk, U.S. District Court" and transmitted to:

> U.S. District Court
> P.O. Box 25670
> Raleigh, NC 27611
> Attn: CRT Section

In the event plaintiff is transferred to a different correctional facility, this financial responsibility must be transferred to the new correctional facility.

The clerk is DIRECTED to file the complaint. [DE 1-1].

III. FRIVOLITY REVIEW

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding *in forma pauperis* must "meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may also dismiss all or any part of a complaint which fails to state a claim

upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Everette seeks to quiet title and a declaration that plaintiff is the true owner of the subject parcel of property. He also seeks an order vacating fraudulent documents recorded by defendant King and declaring plaintiff(s) to be the "joint owners" of the subject property. Everette further contends that defendant King was acting under color of state law when he deprived plaintiff of his rights under the Constitution and laws of the United States.

The burden is on the party seeking the court's jurisdiction to establish that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper et al., Federal Practice & Procedure, Jurisdiction § 3522 (3d ed.).

While a claim for deprivation of rights provided by the United States Constitution indeed forms a basis for this Court's subject matter jurisdiction, *see* 28 U.S.C. § 1331, the allegation of deprivation of Constitutional rights in plaintiff's complaint is at best vague and conclusory, and fails to sufficiently state a claim upon which relief could be granted. Though the Court is required to liberally construe *pro se* complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it need not overlook a clear failing to provide factual enhancement in support of a particular claim that would cause the Court to conclude it is facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, plaintiff has not identified defendant King or provided support for his allegation that King acted under color of state law. Plaintiff has further failed to provide a clear

4

factual basis for his allegation of depravation of rights. Absent any factual support for his purported Constitutional claim, the Court is constrained to hold that must be dismissed.

The remaining claims in plaintiff's complaint arise under state law. Plaintiff seeks to quiet title, and makes further allegations against defendants of fraud and trespass. Dismissal of state law claims is mandatory where federal claims are frivolous, as the jurisdiction of the federal court is not engaged.[2] *CropLife Am., Inc. v. City of Madison*, 432 F.3d 732, 734 (7th Cir. 2005) (citing *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–78 (7th Cir.1988)).

## CONCLUSION

For the foregoing reasons, plaintiff Joyner is dismissed from this action for failure to prosecute and plaintiff Everette's complaint is dismissed pursuant to 28 U.S.C. section 1915(e)(2)(B). As plaintiff Everette is currently incarcerated, he is hereby notified that this dismissal shall serve as a strike for purposes of 28 U.S.C. § 1915(g). *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999) (§ 1915(g) referred to as "three strikes" provision of PLRA). In light of the dismissal, plaintiff's motion for summary judgment [DE 5] is DENIED.

SO ORDERED, this _10_ day of March, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] It further appears from the face of plaintiff's complaint that this Court lacks diversity jurisdiction over this action. 28 U.S.C. § 1332.

5

Case 4:14-cv-00208-BO   Document 7   Filed 03/13/15   Page 5 of 5